THOMAS, Judge,
concurring specially.
I agree that the juvenile court erred by dismissing the paternal grandparents’ de *458 pendency petition. Juvenile-court dependency cases and probate-court adoption cases proceed on separate tracks, and what occurs on one track does not always mandate that proceedings on another track come to a halt. See Ex parte A.M.P., 997 So.2d 1008 (Ala.2008) (holding that a mother had no clear legal right to have an interlocutory order of adoption by foster parents set aside and to a transfer of the adoption petition to juvenile court for proceedings to terminate the mother’s parental rights). But see Ex parte A.M.P., 997 So.2d at 1025 (Stuart, J., concurring specially) (stating that, if “our child-protection system does not promote the best interest of our children, concerned parties with the best interest of the children at heart will continue to turn to the probate courts of our State in appropriate cases”).
The practical solution to the juvenile court’s dilemma in the present case might have been to place the dependency case on the administrative docket pending the outcome of the adoption proceeding.